IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 98-120 |
| | : | |
| EDWIN RUIZ | : | |

## O R D E R

AND NOW, this _____ day of _____, 2013, upon consideration of the defendant's motion seeking early termination of his term of supervised release, and the government's response thereto, it is hereby ORDERED that the defendant's motion is DENIED.

                                                          _____
                                                          HONORABLE BERLE M. SCHILLER
                                                          *Judge, United States District Court*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | : | |
| v. | : | CRIMINAL NO. 98-120 |
| | : | |
| | : | |
| EDWIN RUIZ | : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S
## MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

The United States of America, by its attorneys, Zane David Memeger, United States Attorney in and for the Eastern District of Pennsylvania, and Louis D. Lappen, First Assistant United States Attorney for the District, hereby responds to the defendant's Motion for Early Termination of Supervised Release.

I.      Introduction

On May 20, 2013, the defendant filed a Motion for early termination of his 10-year term of supervised release that is set to expire in March 2018. The defendant claims that he has been compliant with the terms of his supervised release, is gainfully employed, and has the potential to progress in his career. He concludes that his "exemplary performance on supervise release warrants a reduction in his term of supervised release." While the defendant is compliant with the terms of supervised release, the defendant does not present sufficiently extraordinary facts to warrant termination of supervised release almost five years before it is set to expire. In essence, the defendant is doing exactly what he should be doing while on supervised release, which is not enough to justify early termination. The U.S. Probation Office also has advised the

government that it opposes the defendant's motion for early termination of supervised release. Thus, the defendant's motion should be denied.

II.   Background

On September 16, 1998, following a jury trial, the defendant was convicted of one count of 21 U.S.C. §841(a)(1) (possession of cocaine base, i.e., "crack," with the intent to distribute) and one count of 21 U.S.C. §860 (possession of cocaine base, i.e., "crack," in a school zone with the intent to distribute). On March 4, 1999, the district court sentenced the defendant to 168 months in prison (and 10 years of supervised release), which was at the lowest end of the applicable guideline range of 168 to 210 months in prison. On January 26, 2001, the defendant's conviction was affirmed by the United States Court of Appeals for the Third Circuit. On March 4, 2008, the defendant was released under the retroactive sentencing guideline amendments to begin serving his sentence of 10 years of supervised release.

III.   Discussion

Under 18 U.S.C. § 3583(e), the defendant seeks early termination of his 10-year term of supervised release. In relevant part, that statute provides as follows:

> The court may, after considering the factors set forth in
> section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4),
> (a)(5), (a)(6), and (a)(7)[1] –

---

[1]   The factors to be considered are:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed . . .
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
. . . . .

2

> (1) terminate a term of supervised release and discharge the
> defendant released at any time after the expiration of one
> year of supervised release, pursuant to the provisions of the
> Federal Rules of Criminal Procedure relating to the
> modification of probation, if it is satisfied that such action
> is warranted by the conduct of the defendant released and
> the interest of justice.

18 U.S.C. § 3583(e)(1).

The decision to grant early termination of probation or supervised release rests within the sound discretion of the court. United States v. Caruso, 241 F. Supp.2d 466, 468-69 (D. N.J. 2003).[2] However, early termination is not warranted where a defendant simply has complied with the terms of supervised release; the defendant must show much more to justify early termination, for example, "changed circumstances such as extraordinary good behavior." Id. See also United States v. Guilliatt, 2005 WL 589354, at *1 (E.D.Pa. Jan.18, 2005) ("early

---

> (4) the kinds of sentence and the sentencing range established for-
>    (A) the applicable category of offense committed by the applicable category of
>    defendant as set forth in the guidelines- [or]
>    (B) in the case of a violation of probation or supervised release, the applicable
>    guidelines or policy statements issued by the Sentencing Commission pursuant
> (5) any pertinent policy statement. . .; and
> (7) the need to provide restitution to any victims of the offense.

See 18 U.S.C. § 3553(a)(1), (a)(2)(B), (C), (D), (a)(4), (a)(5), (a)(6), and (a)(7).

[2]  The standard is the same for reviewing a request for early termination of probation or a request for early termination of supervised release. See United States v. Paterno, 2002 WL 1065682, at *2 (D.N.J. Apr. 30, 2002) ("In both instances, the Court must consider the same factors in deciding whether early termination is warranted.") (citation omitted). See also Caruso, 241 F. Supp.2d at 469 (in considering request for early termination of probation, holding that standard for early termination of supervised release is the same), citing Karacsonyi v. United States, 152 F.3d 918, 1998 WL 401273 (2d Cir. June 10, 1998) (unpublished); United States v. Rasco, 2000 WL 45438 (S.D.N.Y. Jan.19, 2000); United States v. Yung, 1998 WL 422795 (D.Kan. Jun.12, 1998).

3

termination of probation should be ordered only in extraordinary circumstances"); United States v. Williams, 2006 WL 618849, at *1 (E.D.Pa. 2006) (same); United States v. Paterno, 2002 WL 1065682, *3 (D. N.J. 2002) (to justify termination of probation, defendant must show "new or exceptional circumstances . . . . Merely complying with the terms of his probation and abiding by the law are not in and of themselves sufficient to warrant early termination of probation; rather, this is simply what is expected of defendant").

   In the present case, Ruiz argues that he is entitled to early termination almost five years before it is set to expire. He seeks this relief because he has complied with the conditions of supervised release and is doing well with his employment (cleaning and boarding up vacant and unoccupied properties) with the City of Philadelphia's Department of Licenses and Inspections. The defendant, however, does not allege any extraordinary facts or changed circumstances. Nor does he allege that the terms of supervision are hampering his ability to succeed in his job or in his life after release from prison. Further, the government has spoken with the U.S. Probation Office and has learned that the defendant is currently serving "low-intensity," non-reporting probation – which renders minimal his obligations under supervised release.

   While the defendant's conduct on supervised release is laudable, the reality is that the defendant is doing exactly what is expected of him – following the rules of supervision and maintaining regular employment. This is not extraordinary or exceptional conduct sufficient to establish that the defendant's supervised release suddenly should be cut in half. The defendant committed serious drug offenses, and the court imposed a term of supervised release as part of his punishment. There is no reason to treat this defendant differently from other defendants who

must serve their full terms of supervised release. See United States v. Yung, 1998 WL 422795, *1 (D. Kan. 1998) (denying motion for early termination of supervised release and expressing concern about disparities that would have resulted because co-defendants not granted early termination).

In sum, Ruiz does not offer any compelling reason justifying the early termination of supervised release. He does not claim, much less establish, that his conduct is extraordinary or that supervision is unduly burdensome or harsh. He contends only that he has otherwise complied with the terms of his supervision, is doing well in his personal life, and thus should not have to serve his term of supervised release. Without a sufficient basis for relief, this Court should deny the defendant's motion.

        Respectfully submitted,

        ZANE DAVID MEMEGER
        United States Attorney


        */s/ Louis D. Lappen*
        LOUIS D. LAPPEN
        First Assistant United States Attorney

Dated: May 30, 2013

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Government's Response to Defendant's Motion for Early Termination of Supervised Release has been served by electronic filing and email on the following:

> Joseph D. Lento, Esq.
> Law Offices of Joseph D. Lento and Associates
> North American Building
> 121 S. Broad Street, 2nd Floor
> Philadelphia, PA 19107
>
> jlentoesq@gmail.com

>                    /s/ Louis D. Lappen
>                    LOUIS D. LAPPEN
>                    First Assistant United States Attorney

Dated: May 30, 2013